# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID THOMASON                                                                                    PLAINTIFF
ADC #659750

v.                              CASE NO. 4:19-CV-601 SWW-JTK

RICKEY A. DENTON, State                                                                           DEFENDANT
Trooper, Arkansas

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff David Thomason is an inmate confined at the Tucker Unit of the Arkansas Department of Correction. He filed a pro se 42 U.S.C. § 1983 action against Arkansas State Trooper Rickey A. Denton and has been granted in forma pauperis status. (Doc. Nos. 2, 4). Having reviewed Plaintiff's Complaint (Doc. No. 2), the Court finds that Plaintiff's claims should be dismissed for failure to state a claim.

### II.  Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.   Facts and Analysis**

Plaintiff sued Denton in his official capacity only. (Doc. No. 2 at 2). He alleges that Denton arrested him on October 23, 2017 at the scene of a fatal car accident. (Id. at 4). He further alleges that Denton did not take him to the hospital, but rather took him straight to jail where he was placed in a "drunk tank." (Id.). Plaintiff claims that because he was not taken to the hospital, he does not know "if [he] had any internal injuries, brain damage . . . or spinal injuries." (Id.). He asserts that now he is having trouble remembering things. (Id.) Plaintiff seeks damages. (Id. at 5).

Plaintiff's deliberate indifference to medical needs claim arises under the Fourteenth Amendment. Awnings v. Fullerton, 912 F.3d 1089, 1102 (8th Cir. 2019). In analyzing such claims, courts "[borrow] from the Eighth Amendment deliberate-indifference standard applicable

to claims of prison inmates." Ryan v. Armstrong, 850 F.3d 419, 425 (8th Cir. 2017) (internal citation omitted). For Plaintiff to prevail on his claim, he must prove that he had a serious medical need and that Denton knew of the need but deliberately disregarded it. Barr v. Pearson, 909 F.3d 919, 921 (8th Cir. 2018). "A medical need is objectively serious if it has been 'diagnosed by a physician as requiring treatment' or if it is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Barton v. Taber, 908 F.3d 1119, 1124 (8th Cir. 2018) (internal citations omitted). To establish deliberate disregard, Plaintiff must show that Denton's mental state was akin to criminal recklessness. Roberts v. Kopel, 917 F.3d 1039, 1042 (8th Cir. 2019).

Plaintiff has not alleged an objectively serious medical need. Instead, he complains that he does not know if he had any injuries. (Doc. No. 2 at 4). And Plaintiff has not alleged deliberate indifference on Denton's part; nothing in Plaintiff's pleading indicates or implies that Denton knew Plaintiff had a serious medical need but disregarded it. (*Id*.) Plaintiff has failed to state a claim on which relief may be granted and his complaint should be dismissed.

Moreover, Plaintiff sued Denton in his official capacity only. Plaintiff's official capacity claims against Denton—an Arkansas State Trooper—fail because they are the equivalent of claims against the State of Arkansas. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Section 1983 provides for a cause of action against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Because Denton is an official of the State of Arkansas, he cannot be a considered "person" in his official capacity for the purposes of § 1983. Accordingly, Plaintiffs claims must be dismissed.

## IV. Conclusion

The Court recommends that Judge Wright DISMISS David Thomason's Complaint (Doc. No. 2) without prejudice based on his failure to state a claim. Furthermore, Judge Wright should find that the dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and should certify that, pursuant to 28 U.S.C. § 1915(a)(3), an in forma pauperis appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO RECOMMENDED this 6th day of September, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE